UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DEON LAMONT PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 20-006-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN NAPIER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Deon Lamont Phillips is currently confined at the Federal Correctional Institution-Manchester ("FCI-Manchester") in Manchester, Kentucky. Proceeding without an attorney, Phillips has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence. He has paid the $5.00 filing fee. [Record No. 1] The matter is before the Court for initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

**I.**

In August 2014, pursuant to a plea agreement with the United States, Phillips pled guilty in the United States District Court for the Western District of Michigan to one count of knowingly conspiring to distribute and possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii)(II). During Phillips' sentencing hearing, the district court determined that Phillips was a Career Offender for purposes of the sentencing enhancement provided by U.S.S.G. § 4B1.1 based upon the following predicate offenses: 1) a 1997 conviction for possession with intent to deliver less than fifty grams of cocaine; 2) a 2004 conviction for conspiracy to deliver/manufacture less than fifty grams of cocaine; and 3) a 2011 conviction for fourth-degree fleeing from a police officer. Phillips was sentenced to a 188-month term of imprisonment, to be served concurrent to an undischarged state sentence that Phillips was serving, and consecutive to another undischarged state sentence that Phillips was also serving at the time. *United States v. Phillips*, No. 1:14-cr-046-PLM-1 (W.D. Mich. 2014).

Phillips' conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Sixth Circuit. On appeal, Phillips specifically challenged his designation as a Career Offender under the Sentencing Guidelines. The Sixth Circuit, however, rejected Phillips' challenge, noting that his 1997 and 2004 controlled substance convictions qualified as valid predicate "controlled substances offenses" for purposes of U.S.S.G. § 4B1.1(a). *United States v. Phillips*, No. 14-2621 (6th Cir. Aug. 6, 2015).

In June 2016, Phillips filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing, in part, that his counsel was ineffective for failing to challenge the use of his 2004 conviction for conspiracy to deliver a controlled substance as a predicate offense for purposes of his Career Offender status. *United States v. Phillips*, No. 1:14-cr-046-PLM-1 (W.D. Mich. 2014) at Record No. 73. The District Court denied Phillips' motion on the grounds that Phillips was barred from collaterally attacking his sentence by the terms of his plea agreement, which included a waiver provision pursuant to which Phillips agreed to

"waive[ ] the right to challenge [his sentence] and the manner in which it was determined in any collateral attack including...a motion brought under Title 28 United States Code, Section 2255...." *United States v. Phillips*, No. 1:14-CR-46, 2017 WL 4173504, at *2 (W.D. Mich. Sept. 21, 2017) (alterations in original). However, the District Court also considered and rejected Phillips' arguments on substantive grounds, including his argument that his counsel was ineffective for failing to argue that his conviction of conspiracy to deliver cocaine did not qualify as a valid predicate offense for Career Offender purposes. *Id*. at 2017 WL 4173504, at *3.

Phillips has now filed a petition pursuant to 28 U.S.C. § 2241, arguing that he is entitled to relief from his sentence in light of the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). In his § 2241 petition, Phillips again challenges the use of his prior conviction for conspiracy to deliver a controlled substance as a predicate offense for purposes of his designation as a Career Offender under the Sentencing Guidelines. However, the Court will deny the relief sought because Phillips' claims are not cognizable in a § 2241 petition.

## II.

As an initial matter, as with Phillips' original § 2255 motion, Phillips' petition is barred by the waiver provision of his plea agreement. In his plea agreement, Phillips bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his sentence "and the matter in which it was determined in any collateral attack." *United States v. Phillips*, No. 1:14-CR-46, 2017 WL 4173504, at *2 (W.D. Mich. Sept. 21, 2017). Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing

*Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Phillips, therefore, is barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

But even absent the waiver, Phillips is not entitled to relief. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of a sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Instead, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he

was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). More recently, in *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Here, Phillips challenges the enhancement of his sentence resulting from his classification as a Career Offender under the Sentencing Guidelines. The narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599. Finally, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Courts of Appeals.

*See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, No. 18-6299, --- F.3d ---, 2020 WL 104612 (6th Cir. Jan. 9, 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Phillips does not meet the foregoing requirements. First, he was sentenced in 2014, well after the Supreme Court's decision in *Booker* held that the Sentencing Guidelines were advisory rather than mandatory. On this basis alone, Phillips' claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Nor has Phillips identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required. *See Hill*, 836 F.3d at 600; *Hueso*, 2020 WL 104612 at *1. Instead, he relies on the Sixth Circuit's decision in *Havis* which is, of course, not a Supreme Court decision. In *Huseo*, the Sixth Circuit made clear that "[i]n

-6-

addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 2020 WL 104612, at *6 (emphasis added).

Finally, Phillips has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal … or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Indeed, he raised challenges to the use of his prior controlled substance offenses as valid predicate offenses for purposes of his Career Offender designation on both direct appeal and in his initial § 2255 motion and these challenges were rejected both times. Because Phillips cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

For the reasons outlined above, Phillips' claim for relief is simply not cognizable in a § 2241 petition. Accordingly, it is hereby

**ORDERS** as follows:

1. Phillips' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: January 21, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky